IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONNIE KEETON, :

       Plaintiff, : Case No. 3:12cv230

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

       Defendant. :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR ENTIRETY; DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On June 14, 2013, the United States Magistrate Judge filed a Report and Recommendations (Doc. #12), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be reversed and that the captioned cause be remanded to the Defendant Commissioner, under the Fourth Sentence of 42 U.S.C. § 405(g), for an immediate award of benefits consistent with the Social Security Act, with an onset date of April 11, 2006. Based upon reasoning, citations of authority and to the Administrative Transcript (Doc. #6) set forth in the Administrative Law Judge's decision of non-disability,

Tr. 13-29, as well as upon a thorough de novo review of this Court's file and of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. The Defendant's Objections to said judicial filing (Doc. #14) are sustained. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is affirmed.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213

(6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial

evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. In this Court's opinion, the Commissioner's decision of non-disability is supported by substantial evidence. Merely because the record contains evidence, even substantial evidence of disability is immaterial, if the Commissioner's decision of non-disability is supported by substantial evidence. In this matter, the Commissioner's decision is so supported. It is axiomatic that a reviewing Court, such as a District Court in ruling upon a decision of the Defendant Commissioner, does not "reweigh conflicting evidence on appeal."

2. In this Court's opinion, the Defendant Commissioner's giving great weight to the opinion of the non-examining agency psychologist, Dr. Lewis, was supported by substantial evidence in the record. Moreover, this Court believes the Administrative Law Judge adequately set forth her reasons for concluding that the opinion of Dr. Papadakis was only entitled to little weight, being inconsistent with much of the evidence of record. It is unquestioned that the opinion of Dr. Papadakis is consistent with some of the evidence in the record. However, same is inconsistent with other aspects of the treatment notes of two Veterans Affairs psychiatrists, Dr. Schbi and Dr. Sanders, as well as social worker Hugger that clearly show that Plaintiff was not as limited as Dr. Papadakis opined that he was.

3. The hypothetical question to the VE accurately portrayed Plaintiff's mental impairments, depression and PTSD, and, accordingly the ALJ's Step Five determination is supported by substantial evidence.

4. This Court concludes that the Defendant Commissioner's assessment of Plaintiff's residual functional capacity is supported by substantial evidence in the record as a whole.

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #12) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. Defendant's Objections to said judicial filing (Doc. #14) are sustained. Judgment will be ordered entered in favor of the Defendant Commissioner and against Plaintiff herein, affirming the decision of the Defendant Commissioner that Plaintiff was not disabled and, accordingly, not entitled to benefits under the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 24, 2013

                                          WALTER H. RICE, JUDGE
                                          UNITED STATES DISTRICT COURT

Copies to:

Counsel of record